**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:05-CR-80 CAS |
| v. ) | |
| ) | |
| NORBERT LEE GERHEAUSER, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge Mary Ann L. Medler. On April 4, 2005, Judge Medler filed a Report and Recommendation of United States Magistrate Judge which recommended that defendant's Motion to Suppress Evidence and Statements be denied.

The defendant moved to suppress evidence, specifically a quantity of methamphetamine and cocaine seized from an Express Mail package sent to defendant's residence and a statement made to police. The package was addressed to Tom Rosa at defendant's residence at 1502 Chinaberry Avenue in Arnold, Missouri. Two postal inspectors took the package to defendant's residence. Defendant denied knowing Tom Rosa and denied that he was expecting a package. Subsequently, defendant signed a consent form permitting the postal inspectors to open the package and after the drugs were found, defendant made a statement asserting that he gave his cousin, co-defendant Don Schroers, $1,000.00 to purchase methamphetamine and "coke."

Defendant filed the following specific objections to the Report and Recommendation. First, defendant objects to the Magistrate Judge's finding that if defendant had a Fourth Amendment right in the package, he waived it, and if the Fourth Amendment right was that of another person, then defendant had no standing to challenge it. Defendant asserts that he had no authority to consent to the opening of the package, his consent is invalid, and therefore, the search was illegal. Defendant asserts that because he disavowed ownership of the package, it was unreasonable for the Postal Inspectors to believe that he had authority to consent to a search. Second, defendant objects to the Magistrate Judge's finding that defendant's statements were not the "fruit of the poisonous tree." Defendant asserts that his statement should be suppressed because it was obtained as a direct result of an illegal search.

The Court has carefully and independently reviewed the full record, and has listened to tapes of the evidentiary hearing held in this matter on April 4, 2005. The Court is in full agreement with the stated rationale of the Magistrate Judge's recommendations, and will adopt the same. Specifically, the Court finds that it was reasonable for the postal inspectors to believe that defendant had authority to consent to the opening of the package because, based on their experience and investigation, they believed the name on the package was fictitious and that the package was actually being sent to the defendant. Because the search was legal, the statements should not be suppressed.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that the objections of defendant Norbert Gerheauser are overruled. [Doc. 25]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 22]

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Evidence and Statements is **DENIED**. [Doc. 19]

                                                                  **CHARLES A. SHAW**
                                                                  **UNITED STATES DISTRICT JUDGE**

Dated this 10th day of May, 2005.